In the Matter of the Administrative Bank Receivership of First American Bank & Trust Company.

FIRST AMERICAN BANK & TRUST COMPANY, Movant,

v.

Irene PFLEGER et al., Respondents.

Civ. No. 9224.

Supreme Court of North Dakota.

June 23, 1976.

Frederick E. Saefke, Jr., Bismarck, for First American Bank & Trust Co., movant.

Kelsch, Kelsch & Tudor, Bismarck, for respondents Pfleger and Haag and all other claimants similarly situated; argued by Thomas F. Kelsch, Bismarck.

Richardson & Blaisdell, Hazen, for respondent Boeckel; argued by John E. Jacobson, Hazen.

Conmy, Rosenberg & Lucas, Bismarck, for Harry W. George, Receiver; argued by Max D. Rosenberg, Bismarck.

VOGEL, Justice.

On behalf of the officers and directors of First American Bank & Trust Company, which is in receivership, and on behalf of the corporation, its attorney has moved this court for review of an order of the Burleigh County district court in the receivership proceeding. The review is sought pursuant to Section 6–07–43, North Dakota Century Code, which provides:

"Any decision of the district court on any report or in any proceeding under the provisions of this chapter may be reviewed by the supreme court on the motion of any party aggrieved. Any party desiring to have a review of any decision or order of the district court by the supreme court, within ten days after the making of the same, if he was present personally or by counsel when it was made, or if he was not present, within ten days after the service upon him of written notice thereof, must serve upon the other party to the proceeding and file in the supreme court a brief written statement of the grounds of his objection upon which he asks a review by the supreme court."

Briefs were filed and arguments were heard on the question of whether we should exercise our discretion to review.

■■■ The order sought to be reviewed is an interlocutory or intermediate order which makes a partial determination as to priorities in distribution of assets of the corporation under receivership, approves the use of a class-action procedure on behalf of some of the claimants, and finds that findings of fact and conclusions of law made by the State Banking Board and affirmed by this court in *First American Bank & Trust Co. v. Ellwein,* 221 N.W.2d 509 (N.D.1974), are binding upon the receiver, the First American Bank & Trust Company, and the district court. The language of Section 6–07–43 indicates that it is discretionary with this court whether we should review such decisions of the district court. Obviously, if every routine order of the district court in a receivership matter were subject to review, speedy and expeditious termination of receiverships would be impossible. We therefore intend to exercise our right of review with restraint. In the present case, we decline to review the order before us, partly because it is an interlocutory order, partly because it is subject to modification by the district court, and partly because the record before us is very sketchy.

■■■ By declining to review the order in question, we express no position on the merits of the arguments made. Our ruling is without prejudice to the right of any party to raise any issue which is appealable or reviewable in any subsequent appeal from an appealable order or judgment. Our refusal to exercise the right of review under Section 6–07–43, N.D.C.C., of any particular order has no res judicata effect, and failure to request under Section 6–07–43 a discretionary review of any subsequent order will not preclude the raising on a subsequent appeal of any points which might have been raised upon such a discretionary review.

ERICKSTAD, C. J., PEDERSON, J., and JAMES H. O'KEEFE and EMIL A. GIESE, District Judges, concur.

The Honorable WM. L. PAULSON and the Honorable PAUL M. SAND deeming themselves disqualified did not participate; the Honorable EMIL A. GIESE, District Judge of the Sixth Judicial District and the Honorable JAMES H. O'KEEFE, Judge of the Second Judicial District, sitting.