In the Matter of the Application for an Organization Certificate for Center State Bank, Inc.

CENTER STATE BANK, INC., Appellant,

v.

The STATE BANKING BOARD of the State of North Dakota, the Attorney General of the State of North Dakota, and Security State Bank of New Salem, North Dakota, Appellees.

Civ. No. 9501.

Supreme Court of North Dakota.

Aug. 7, 1979.

184

Richard P. Gallagher, Mandan, for Center State Bank, Inc., appellant.

Illona Jeffcoat-Sacco, Sp. Asst. Atty. Gen., State Banking Dept., Bismarck, for State Banking Board, appellee.

Lamb, Schaefer & McNair, Fargo, for Sec. State Bank of New Salem, appellee; argued by Alice K. Olson, Fargo.

Orville A. Schulz, New Salem, for Sec. State Bank of New Salem, appellee.

PEDERSON, Justice.

This supplements an opinion previously rendered [*Center State Bank, Inc. v. State Bank. Bd.,* 276 N.W.2d 132 (N.D.1979)], remanding the case to the district court to permit nunc pro tunc entry of judgment and recertification to this court for further consideration pursuant to a seldom-used § 28–27–29, NDCC. We asked for and received new briefs covering additional issues and we permitted reargument. Judgment has been entered and we now consider the appeal on its merits. We reverse and remand for further proceedings.

Early in 1975, the Board, having found a need for a full-service bank in Center, conditionally approved an application by Emil E. Kautzmann and others to establish a bank at Center, North Dakota. Conditions in that first order and conditions in subsequent time-extension orders were set forth in our previous opinion. After a hearing, an application for a third extension of time was denied by the Board, and that is the only order which is directly involved in this appeal.

The Bank argues that because the Board has continuing jurisdiction to modify or amend orders (§ 6–01–05, NDCC), an appeal from the last order permits this court to fully review the reasonableness of the conditions imposed by the Board in all of the previous orders even though there was no appeal therefrom. The Board apparently concedes that we should be concerned about the Bank's efforts to meet the conditions in our evaluation of the validity of the Board's denial of the third time extension, but not about the reasonableness of those conditions because those orders have become res judicata.

In *Youmans v. Hanna,* 35 N.D. 479, 160 N.W. 705 (1916), long before North Dakota adopted the Administrative Agencies Practice Act (Chapter 28–32, NDCC), this court had the opportunity to consider a similar issue. *Youmans* can undoubtedly be distinguished upon the law applicable, the facts, and the procedural matters involved. Nevertheless, we think that it is a significant construction of § 6–01–05, NDCC, where the court said:

"Both as to the conveyances and the orders of the banking board, it is a collateral attack, no attempt having been made to set them aside in the regular and legal way." *Youmans v. Hanna, supra,* 160 N.W. at 711.

"So, too, as we have also stated, if the orders of the board were in any way illegal or oppressive, an appeal could have been taken from their action to the courts, and this was never taken. . . . where there is a remedy prescribed for the reviewing of these acts, that remedy

must be resorted to . . . ." *Youmans v. Hanna, supra,* 160 N.W. at 714.

The remedy referred to in the above quote was that provided by ¶ 3, § 5146, C.L.1913, now § 6–01–05, NDCC, which, in part, states:

"Any and all orders made by the board shall be operative immediately and shall remain in full force until modified, amended, or annulled by the board, or by a court of competent jurisdiction in an action commenced by the party against whom such order has been issued."

The effect of superimposing Chapter 28–32, NDCC, upon the banking laws has not been minutely examined by this court. We have stated several times that § 6–01–05, NDCC, provides for the required authorization for review required by § 28–32–01, NDCC. *Application of Bank of Rhame,* 231 N.W.2d 801, 806 (N.D.1975).

The mere fact that an administrative order is subject to modification does not alone prevent it from being reviewable. We did decline to review an interlocutory, bank-related order of the district court in *First Am. Bank & Trust Co. v. Pfleger,* 243 N.W.2d 165 (N.D.1976), under the provisions of § 6–07–43, NDCC, which involved an original, discretionary proceeding.

Similarly, in a case which did involve an appeal under the Administrative Agencies Practice Act, we concluded that orders of the Workmen's Compensation Bureau, which are subject to reopening on changed conditions, are not res judicata of any issue. *Geo. E. Haggart, Inc. v. North Dakota Work. Comp. Bur.,* 171 N.W.2d 104, 108 (N.D.1969).

By analogy, we should reach a similar conclusion in a banking case where a continuing jurisdiction authorizes the board to terminate the operative force of any order by the issuance of a modification or amendment. In the specific and unambiguous language of § 6–01–05, NDCC, "orders made by the board shall be operative immediately [when issued] and shall remain in full force *until* modified, amended, or annulled . . . ." [Emphasis supplied.]

In the order which has been appealed pursuant to the Administrative Agencies Practice Act in this case, the Board did not modify, amend or annul the conditional orders previously issued and, thus, those orders have not been terminated. For that reason, the previous orders are final. That does not prevent this court from examining those conditions so that we may properly review the order denying the third extension. Any other interpretation would make the scope of review provided in § 28–32–21, NDCC, meaningless in cases involving continuing jurisdiction orders. Section 28–32–21 provides in part:

> "The judgment of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as provided in section 28–32–19, . . ."

Those provisions in § 28–32–19, NDCC, which are applicable to the review in this court require that, based upon the record, the decision of the agency shall be affirmed unless:

1. It is not in accordance with law;

2. It violates constitutional rights;

3. Chapter 28–32 has been violated in the proceedings;

4. There was not a fair hearing;

5. Agency findings of fact are not supported by a preponderance of the evidence;

6. Agency conclusions and decision are not supported by findings of fact.

One of the Bank's arguments is that the findings of fact made by the Board are not supported by, what it calls, "substantial relevant evidence." As we said in *Steele v. North Dakota Workmen's Comp. Bur.*, 273 N.W.2d 692 (N.D.1979), and reiterated in *Allstate Ins. Co. v. Knutson*, 278 N.W.2d 383 (N.D.1979), findings of fact made subsequent to the 1977 amendment (Ch. 287, S.L.1977) must be supported by a preponderance of evidence.

The Board made 22 itemized findings of fact and 10 conclusions of law. The 22 numbered findings of fact give us a comprehensive, historical background, very little of which is supported by *any* evidence in the record of the hearing held on March 11, 1977, but undoubtedly are amply supported by documents in the files compiled by the Board but not available to us. If the conclusions and decision were dependent upon any of these findings of fact, we would necessarily have to hold that they are not supported by a preponderance of the evidence in the record. As we said in *In Interest of R.H.*, 262 N.W.2d 719, 722 (N.D. 1978), matters not made a part of a record on appeal cannot be considered by this court. To the extent that the 22 findings of fact are mere recitations of testimony or of undisputed matters from the files of the State Banking Board, they are surplusage.

A finding of fact should arise out of and dispose of a factual issue. From the conclusions of law, it appears that the Board deemed the controlling factual issues at the March 11, 1977, hearing to be:

1. Did the Bank make substantial progress toward fulfilling the conditions previously imposed by the Board?

2. Did the circumstances justify the lack of substantial progress?

3. Is a third extension of time in the public's best interest?

Although Rule 52(a), NDRCivP, affectionately called the "clearly erroneous rule" by some, does not apply to appeals under the Administrative Agencies Practice Act, we learn from 52(a) cases that appellate courts ordinarily will review findings of fact without regard to their label. See, e. g., *Jahner v. Jacob*, 233 N.W.2d 791, 798 (N.D.1975). This approach does not extricate us from our dilemma in this case.

If we treat the conclusions of law reached by the Board as findings of fact, we find it impossible to determine whether they are supported by a preponderance of the evidence because of the meager record made at the March 11, 1977, hearing. If, on the other hand, we treat them as the Board did, as conclusions of law, we reach the obvious result that they are not supported by the findings of fact and that the Board's deci-

sion based thereon is not in accordance with law. Our recognition of the administrative expertise of the Board and the State Department of Banking does not permit us to affirm the determination reached in this case upon facts not available for our review.

Contrary to the custom of most administrative agencies, the Board here did not actively produce evidence to support its position but adopted a neutral posture, leaving the intervenor, Security State Bank of New Salem, as the sole opposition to the application of the Center State Bank for the time extension. The public interest is not necessarily served by such practice.

The judgment of the district court affirming the order of the State Banking Board and the order of the State Banking Board are reversed and the case is remanded, through the district court, to the State Banking Board with directions that the Board either grant an extension of time or rehear the application of Center State Bank, Inc. Because a public interest question is involved, all parties will pay their own costs.

ERICKSTAD, C. J., PAULSON and SAND, JJ., and HATCH *, District Judge, concur.