Douglas Wayne HAMMEREN,
Plaintiff and Appellee,

v.

NORTH DAKOTA STATE HIGHWAY
COMMISSIONER, Defendant
and Appellant.

Civ. No. 10085.

Supreme Court of North Dakota.

Feb. 11, 1982.

Darold A. Asbridge, of Baer & Asbridge, Bismarck, for plaintiff and appellee.

Robert E. Lane, Asst. Atty. Gen., N. D. State Highway Dept., Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

The State Highway Commissioner appealed from a judgment reversing the Commissioner's administrative decision and restoring Douglas Wayne Hammeren's driving privileges. We reverse.

Hammeren was arrested by a Bismarck police officer for driving while under the influence of intoxicating liquor. The arresting officer read the *Miranda* warnings.[1] After placing Hammeren in the patrol car, the arresting officer asked Hammeren if he would submit to a Breathalyzer test. Hammeren agreed to submit to the test. Upon reaching the police station where the test was to be administered Hammeren, when asked to blow into the Breathalyzer machine, indicated that he didn't think he could take the test or that he wouldn't do it. Hammeren gave a similar answer when

---

1. "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706–707 (1966).

asked a second time if he would blow into the Breathalyzer machine. Following the report[2] to the State Highway Commissioner, Hammeren was given notice that his license to drive was being revoked for a period of six months. Pursuant to Section 39–20–05, N.D.C.C.,[3] Hammeren requested an administrative hearing. The hearing, held March 10, 1981, resulted in an order of the State Highway Commissioner revoking Hammeren's driving license for a period of six months. Hammeren did not testify at the hearing. He subsequently appealed the decision of the State Highway Commissioner to the district court as permitted by Section 39–20–06, N.D.C.C. The district court reversed the decision of the State Highway Commissioner and this appeal followed.

The sole issue for review on this appeal is whether or not the failure of the arresting officer to inform Hammeren of the consequences of his refusal to take the Breathalyzer test, after having informed him of his *Miranda* rights, justifies Hammeren's refusal to take the test.

The district judge, in his memorandum opinion, stated:

"[W]here a person has been given his Miranda warnings, should he also be advised of the consequences of the failure to take a blood-alcohol test? The case of *State v. Fields*, 294 N.W.2d 404 (N.D. 1980), clearly speaks to the issue without making a direct finding. Based on that case, this Court is of the opinion that such warnings are and should be necessary in all cases in which the Miranda warnings are applicable. Accordingly, and based solely upon the fact that the alternatives were not explained to Mr. Hammeren, this Court hereby reverses the decision of the North Dakota State Highway Commissioner ..."

In *Fields* we reversed in part an order suppressing the results of a chemical test for intoxication. We held that there was no requirement that Fields be given the *Miranda* warnings at the time the officer asked him if he was the driver of the automobile because Fields was not under custodial interrogation at the time. We further indicated that if a person was arrested for driving while intoxicated and was taken into custody that person must be given the *Miranda* warnings. Although *Fields* did not involve a factual instance in which the

2. "39–20–04 [N.D.C.C.]. *Revocation of privilege to drive motor vehicle upon refusal to submit to chemical testing.* If a person under arrest refuses to submit to chemical testing, none shall be given, but the commissioner, upon the receipt of a sworn report of the law enforcement officer, forwarded by the arresting officer within five days after the refusal, showing that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license or permit to drive and any nonresident operating privilege for a period of six months; or, if the person is a resident without a license or a permit to operate a motor vehicle in this state, the commissioner shall deny to the person the issuance of a license or permit for a period of six months after the date of the alleged violation, subject to the opportunity for a prerevocation hearing and postrevocation review as hereinafter provided."

3. "39–20–05 [N.D.C.C.]. *Administrative hearing on request.* Prior to issuing an order of revocation or denial under section 39–20–04,

the commissioner shall give such person a written notice of intention to revoke or deny and afford him an opportunity for a hearing. If the commissioner receives a written request within ten days, he shall grant such hearing within thirty days. The hearing shall be before the commissioner or his authorized agent in the county wherein the alleged events occurred for which the person was arrested, unless the commissioner or his authorized agent and the person agree that the hearing may be held in some other county. The hearing shall be transcribed and its scope shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor; whether the person was placed under arrest; and, whether he refused to submit to the test or tests. Whether the person was informed that his privilege to drive would be revoked or denied if he refused to submit to the test or tests shall not be an issue. The commissioner or his authorized agent shall promptly make findings of fact, conclusions, and decision, and give notice thereof, as provided for in section 28–32–13."

driver had refused to take the test after the *Miranda* warnings were given, we also said:

"However, our holding here does not mean that an individual may assert the right to remain silent when requested by an officer to submit to a blood-alcohol test, pursuant to Chapter 39–20, N.D. C.C., because the Fifth Amendment privilege against self-incrimination does not apply under these circumstances. If the person allows the test, to which he has already impliedly consented under Section 39–20–01, N.D.C.C., the results are not 'testimonial' and may be admitted into evidence. [Citations and footnotes omitted.] Thus there is no impingement of Fifth Amendment rights in requiring a person to respond to an officer's request to submit to a blood-alcohol test.

"Because an arrested person does not have the constitutional right to remain silent when asked whether or not he will submit to a blood-alcohol test, the officer, if he gives the *Miranda* warnings prior to asking the person to take the test, should inform the person that if he refuses to take the test, whether by silence or negative answer, his license is subject to suspension. This procedure may prevent the confusion that could result where a person is informed of his *Miranda* rights and then is asked whether or not he will submit to a blood test. *See generally Agnew v. Hjelle,* 216 N.W.2d 291 (N.D.1974)." *State v. Fields,* 294 N.W.2d at 410.

The Highway Commissioner argues that the above language in *Fields* is *obiter dictum* because Fields had not, in fact, refused to take the test after having been given the *Miranda* warnings. The Commissioner's position appears to be that it is burdensome, if not improper, for the arresting officer to inform the person arrested that, despite the *Miranda* warnings, if he refuses to submit to the test his license is subject to suspension. Hammeren, on the other hand, contends that the above-quoted language in *Fields* indicates that the person arrested must be informed of the fact his license is subject to suspension if he refuses to take the test if he has previously been given the *Miranda* warnings.[4] Hammeren would, in effect, raise the warning that the license is subject to suspension to a constitutional requirement such as the *Miranda* warnings. But in *Asbridge v. North Dakota State Highway Com'r,* 291 N.W.2d 739, 750 (N.D. 1980), we stated:

"Proceedings under Chapter 39–20 of the North Dakota Century Code are civil in nature. The purpose of the implied consent law is to discourage individuals from driving an automobile while under the influence of intoxicants; to revoke the driving privileges of those persons who do drive while intoxicated; and to provide an efficient means of gathering reliable evidence of intoxication or nonintoxication. To further this objective, the Implied Consent Act provides for civil administrative proceedings in appropriate instances. These proceedings are separate and distinct from the criminal proceedings which may ensue from the arrest of an offending motorist. A dismissal or acquittal of the related criminal charge is irrelevant to the disposition of the revocation proceedings." [Citations omitted.]

Our decision in *Fields* did not refer to that portion of Section 39–20–05, N.D. C.C., which provides that whether or not the person was informed that his privilege to drive would be revoked or denied if he refused to submit to the test is not an issue in the hearing to determine the suspension of the license. We did not consider it necessary in *Fields* to refer to that provision because we did not require that giving the information to the person arrested was a prerequisite to the suspension of the license for refusal to take the test.[5] Neither do we

---

**4.** The trial judge, in recognition of the fact that our statement did not directly concern an issue before the court in *Fields*, indicated that *Fields* "clearly speaks to the issue without making a direct finding."

**5.** Hammeren apparently believes this provision of the statute can be negated because it was enacted prior to the time that we required *Miranda* warnings to be given to a person arrested for driving while under the influence of intoxicating beverages. His argument appears

believe that Section 39–20–05 prohibits the arresting officer from giving such information, and we continue the recommendation made in *Fields.* Our statement in *Fields* clearly indicates that if the information is given it may help to prevent any question of confusion which could result where a person is informed of his *Miranda* rights and then is asked whether or not he will submit to a blood test. In making that suggestion we cited *Agnew v. Hjelle,* 216 N.W.2d 291 (N.D.1974), where this court rejected Agnew's contention that "he became confused as to his rights when he was first informed that he could remain silent and had a right to consult with an attorney pursuant to the *Miranda* warnings and then later was told that his driver's license would be revoked if he did not submit to a test to determine the alcohol content of his blood; that therefore he did not knowingly refuse to take such a test; and that because of that the failure to comply with the Implied Consent Law was not based upon a knowledgeable refusal." 216 N.W.2d at 296.

The court rejected Agnew's argument on confusion, noting:

"In the case at bar, Agnew did not testify. There is no evidence in the record which supports the assertions on appeal that Agnew was confused. We have only the uncontradicted testimony of the two officers that Agnew unequivocally refused the test." 216 N.W.2d at 297.

Finally, the court concluded:

"Even if we were to recognize the existence in this State of such a doctrine, which we do not, the circumstances in the instant case are not such as would bring it into play." 216 N.W.2d at 298.

Our suggestion in *Fields* must be examined in light of the statements in *Agnew.* The suggestion was simply an attempt to prevent any confusion which might occur. Here, as in *Agnew,* Hammeren did not testify at the administrative hearing. He obviously, therefore, did not testify that he was confused. Hammeren suggests in argument that he did not testify at the administrative hearing because of a pending charge against him of driving while under the influence of intoxicating beverages. That argument apparently implies that Hammeren is somehow excused from testifying at the administrative hearing and that as a result the court should assume that he was confused at the time he was asked to take the chemical test. Although Hammeren would have us conclude that his agreement to take the test at the time of his arrest and his refusal to take the test at the time he was requested to blow into the Breathalyzer at the police station is evidence of confusion, it also appears he would have us adopt a "per se" confusion rule, i.e., if the officer, after giving the *Miranda* warnings, does not also inform the person arrested that, despite *Miranda,* his license will be suspended if he refuses to submit to the test, we should conclude he was confused. We decline to do so. Our admonition in *Fields* was intended to help avoid confusion where it might arise. It was not intended to imply that confusion exists, as a matter of law, in those instances in which no evidence or insufficient evidence of confusion on the part of the person arrested exists. Those jurisdictions which recognize a confusion doctrine as a legal impediment to revocation or denial of a license require evidence of that confusion. See *Cahall v. Department of Motor Vehicles,* 16 Cal.App.3d 491, 94 Cal.Rptr. 182, 186 (1971), cited in *Agnew, supra.*

It is apparent that the question of whether or not Hammeren refused to take

to be that had the Legislature been aware of the requirement of the *Miranda* warnings it would not have enacted such a provision. However, if we were to accept, which we do not, an argument that we can set aside specific legislative language on such a presumption, the argument would appear to fail in view of the action by the 1981 Legislature. Section 39–20–05 was amended and reenacted, retaining the

language that whether or not the person arrested was informed that his privilege to drive would be revoked or denied if he refused to submit to the test shall not be an issue. Chap. 385, Sec. 6, 1981 N.D.Sess.Laws. Our decision in *Fields* was issued in June of 1980.

If Hammeren's position is that this provision of Section 39–20–05 is unconstitutional he has cited no authority in support thereof.

the test is a question of fact. There is no doubt that he refused. Whether or not he was confused when he refused to take the test is also a question of fact. The Highway Commissioner determined that Hammeren refused to take the test. The Highway Commissioner did not find that Hammeren was confused when he refused to take the test nor does it appear he could have .so concluded absent evidence to that effect. The fact that Hammeren originally consented to take the test and then refused to do so when he arrived at the police station is not necessarily evidence that Hammeren was confused. The provisions of the Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C., are applicable to orders of revocation issued by the Highway Commissioner under Section 39–20–04, N.D.C.C. *Agnew, supra.* As a result, our role is limited to determining whether or not the findings of fact are supported by a preponderance of the evidence; whether or not the conclusions of law are sustained by the findings of fact; and whether or not the agency decision is supported by the conclusions of law. *Asbridge, supra.* We must look to the record compiled by the administrative agency rather than to the findings of the district court, and we must exercise restraint in reviewing the findings of an administrative agency. We conclude that the Highway Commissioner's findings of fact are supported by a preponderance of the evidence; that the conclusions of law are sustained by the findings of fact; and that the Commissioner's decision is supported by the conclusions of law.

The judgment of the district court is reversed and the decision of the Highway Commissioner is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.