**Robert N. GEIGER, Appellant,**

v.

**Walter HJELLE, North Dakota Highway Commissioner, Appellee.**

**Civ. No. 11259.**

Supreme Court of North Dakota.

Nov. 18, 1986.

Vinje Law Firm, Bismarck, for appellant; argued by Ralph A. Vinje.

Robert E. Lane, Asst. Atty. Gen., Bismarck, for appellee.

MESCHKE, Justice.

The Highway Commissioner revoked Robert N. Geiger's driving privileges for refusing a breath test. On appeal by Geiger, the district court affirmed and so do we.

The sole issue is the sufficiency of the evidence to show that Geiger refused to submit to the test. N.D.C.C., § 39–20–05(3). As a "conclusion of law," the hearing officer held that "Geiger refused to submit to a chemical test." But the label on a finding is not conclusive, *Quandee v. Skene,* 321 N.W.2d 91, 94 (N.D.1982), and we view this determination as a finding of fact. Our review considers whether a preponderance of the evidence supported that finding. *Hammeren v. North Dakota State Highway Commissioner,* 315 N.W.2d 679, 682–83 (N.D.1982). To do so, we look to the entire record compiled by the agency. *Neset v. North Dakota State Highway Commissioner,* 388 N.W.2d 860, 862 (N.D.1986).

Geiger commenced an intoxilyzer breath test and gave two breath samples. The intoxilyzer recorded that each was a "deficient sample." Upon request to take another test, Geiger responded, "I've had enough of this runaround."

Geiger argues that, because the hearing officer found that the test report exhibit "shows that Mr. Geiger did not provide a sufficient sample of his breath for testing purposes," the determination of refusal was based upon the test report alone. Since there may be several reasons why the intoxilyzer would report "deficient sample," such as machine malfunction or his own inability, Geiger argues that a refusal cannot be reasonably inferred from the intoxilyzer report without testimony from the test operator.

The test record received by the Highway Commissioner from a certified breath test operator is "prima facie" evidence of its

contents without further foundation. N.D. C.C., § 39–20–05(4). The hearing officer was entitled to consider that evidence, whether or not the operator testified. And, the hearing officer weighs the evidence and makes findings from it. N.D.C.C., § 28–32–13. When more than one reasonable inference can be made from evidence, a reviewing court must accept the inference made by the trier of fact. *See Peterson v. Hart*, 278 N.W.2d 133, 136 (N.D.1979). Since a possible inference from the intoxilyzer report was that Geiger did not supply a sufficient sample, we must regard the evidence as sufficient. (Compare: "A choice between two permissible views of the evidence is not clearly erroneous when the trial court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations." Explanatory Note, Rule 52, N.D.R.Civ.P., North Dakota Court Rules, 1986 Desk Copy, p. 115 (West Publishing Company)).

Furthermore, the arresting officer, who was present during the testing process, testified that Geiger "did not adequately submit to the test." From this, the hearing officer could reasonably have determined that Geiger purposely provided a deficient sample. While the arresting officer was not a qualified operator, he could testify about his observations. On the other hand, Geiger neither testified nor presented evidence of another cause for the deficient sample. Failure of a party to testify permits an unfavorable inference in a civil proceeding. *Rozan v. Rozan*, 129 N.W.2d 694 (N.D.1964). *See also Hammeren v. North Dakota State Highway Commissioner, supra*, 315 N.W.2d at 682. Since license revocation proceedings are civil, not criminal, *Pladson v. Hjelle*, 368 N.W.2d 508, 511 (N.D.1985), the hearing officer could also consider the lack of contrary evidence.

Finally, the arresting officer's report in evidence stated that Geiger refused to submit to a second test by saying "I've had enough of this run a round [sic]." A refusal to submit to a reasonable request for a second test also warrants license suspen-sion. *See, e.g., People v. Cofer*, 135 Ill. App.3d 283, 89 Ill.Dec. 800, 481 N.E.2d 351 (1985). And, while the hearing officer did not refer to this evidence in his findings, we cannot conclude that he did not consider all of the evidence in the record in making his determination.

Cumulatively, the evidence is certainly sufficient to warrant the finding of a refusal by Geiger. Accordingly, we affirm the Highway Commissioner's decision revoking Geiger's driving privileges.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ.

LEVINE, Justice, specially concurring.

While I agree with the conclusion of the majority that *cumulatively* the evidence supports a finding of refusal by Geiger, I write separately because I fear that a portion of the majority opinion may be read too broadly.

In its discussion of the test report, the majority states:

"Since a possible inference from the intoxilyzer report was that Geiger did not supply a sufficient sample, we must regard the evidence as sufficient."

I agree with the majority that the test report is prima facie evidence that a breath test was given and a deficient sample was received. I do not believe that the test report, standing alone, would be sufficient to establish that Geiger *refused* to submit to the test. The test report gives no explanation why the sample was deficient. Without any evidence explaining why the sample was deficient, the hearing officer's determination of refusal would be based on pure speculation.

In this case, however, the arresting officer's testimony, and the report of Geiger's statement of refusal to submit to the test, sufficiently support the finding that Geiger refused to submit to the test.