Mark Anthony EVANS, Petitioner and Appellant,

v.

Richard J. BACKES, N.D. Highway Commissioner, Respondent and Appellee.

Civ. No. 880287.

Supreme Court of North Dakota.

March 21, 1989.

Vinje Law Firm, Bismarck, for petitioner and appellant; argued by Ralph A. Vinje.

Robert E. Lane (argued), Asst. Atty. Gen., Bismarck, for respondent and appellee.

LEVINE, Justice.

Mark Anthony Evans appeals from a district court judgment affirming the administrative suspension of his driving privileges. We reverse and remand with directions.

On May 29, 1988, Evans was arrested for driving under the influence of intoxicating liquor and was taken to the Morton County Law Enforcement Center for an Intoxilyzer test pursuant to NDCC § 39–20–01. Because Evans did not provide adequate breath samples for an Intoxilyzer test, he was taken to the Mandan Hospital for a blood test.

Once at the hospital emergency room, Evans requested to call his wife so that she could call an attorney for him. The deputy refused to allow the call and offered instead to call an attorney, or assist Evans in calling an attorney. Evans refused the offer. According to the deputy, Evans was loud and uncooperative and attempted to delay taking the blood test. The deputy consequently determined that Evans refused to take the blood test.

Evans requested and received an administrative hearing pursuant to NDCC § 39–20–05. The hearing officer found that Evans refused the blood test, and revoked his driving privileges for two years.

Evans appealed the administrative decision and the district court affirmed, concluding that there was no evidence that Evans was denied a reasonable opportunity to consult an attorney before deciding whether to submit to the blood test. Evans appealed.

Evans, relying on *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285 (N.D.1987),[1] asserts that he requested, and was denied, a reasonable opportunity to consult an attorney before deciding whether to submit to a blood test. Evans contends that although evidence on the issue was presented at the administrative hearing, the hearing officer failed to make a finding as to whether Evans had been denied a reasonable opportunity to consult an attorney before deciding whether to submit to the blood test.

■ Our review of administrative agency decisions is governed by NDCC § 28–32–19, and involves a three-step process: (1) Are the findings of fact supported by a preponderance of the evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law? *E.g., Falcon v. Williams County Social Service Bd.*, 430 N.W.2d 569, 571 (N.D.1988). In determining whether the agency's findings of fact are supported by a preponderance of evidence, we do not make independent findings of fact or substitute our judgment for that of the agency, but determine only whether a reasoning mind could reasonably have determined that the facts or conclusions were supported by the weight of the evidence. *Falcon, supra; Skjefte v. Job Service North Dakota*, 392 N.W.2d 815, 817–18 (N.D.1986).

1. In *Kuntz v. State Highway Comm'r*, 405 N.W. 2d 285, 285 (N.D.1987), we found that "a person arrested for driving under the influence of intoxicating liquor has a qualified statutory right to consult with an attorney before deciding whether or not to submit to a chemical test" and that the exercise of that right by requesting to call an attorney before taking the test did not constitute a refusal for purposes of revoking a driver's license under NDCC ch. 39–20. *Id.* at 288. *See also Bickler v. North Dakota State Highway Comm'r*, 423 N.W.2d 146 (N.D.1988) (consultation with counsel must be out of hearing of police). *Cf. Holte v. North Dakota State Highway Comm'r*, 436 N.W.2d 250 (N.D.1989) (the exclusionary rule does not apply to administrative license suspension proceedings).

■ A critical issue before the administrative hearing officer was whether, pursuant to *Kuntz v. North Dakota Highway Comm'r, supra,* Evans was denied his qualified statutory right to consult with an attorney before deciding whether or not to submit to a blood test. If Evans was denied the right, his failure to take the test was not a refusal upon which to revoke his license. *Kuntz, supra* at 288.

The hearing officer, however, failed to make a finding on whether Evans was denied a reasonable opportunity to consult an attorney before deciding whether to take a blood test. In her findings of fact, the hearing officer merely recited the conflicting testimony concerning Evans' request to consult an attorney. But recitation of testimony is not equivalent to findings of fact. *See Center State Bank, Inc. v. State Banking Bd.,* 283 N.W.2d 183, 186 (N.D. 1979). In her conclusions of law, the hearing officer found that "[a]lthough there is conflicting testimony, I find ... his [Evans] becoming loud + [*sic*] uncooperative constituted his refusal to take a blood test." There is no reference anywhere to the matter of attorney consultation.

The Highway Commissioner contends that the hearing officer's findings were sufficient because, under NDCC § 39–20–05(3) the hearing officer was only required to find "whether that person refused to submit to the test or tests."[2]

But our decision in *Kuntz, supra,* establishes that a person who is denied a reasonable opportunity to consult an attorney, and then fails to take a chemical test, does not refuse the test for purposes of revoking a driver's license. Therefore, in considering whether or not a person has refused to take a blood test thereby warranting revocation of a driver's license, the hearing officer must first determine whether the driver has been offered a reasonable opportunity to consult an attorney.

The Highway Commissioner argues that the hearing officer implicitly found that Evans was offered a reasonable opportunity to consult an attorney.

■ An agency is required to explicitly state its findings of fact and its separate conclusions of law. NDCC § 28–32–13. A finding of fact is necessary to dispose of a factual issue. *Center State Bank, supra.* The need for a finding is particularly pressing where the disputed issue is material, indeed, dispositive of the case. Only then are we able to apply our standard of review to determine whether the finding is supported by a preponderance of the evidence and whether a conclusion of law is sustained by the finding. We may not make independent findings nor substitute our judgment for that of the agency, but must look to the findings of the agency. *Falcon, supra.* We thus do not ordinarily imply an essential finding. *See Hvidsten v. Northern Pacific Ry. Co.,* 76 N.D. 111, 33 N.W.2d 615, 619 (1948).

■ There was conflicting evidence presented at the administrative hearing as to whether Evans was denied a reasonable opportunity to consult an attorney before deciding whether to submit to a chemical test. It is the duty of the hearing officer to weigh the evidence and make findings. NDCC § 28–32–13; *Geiger v. Hjelle,* 396 N.W.2d 302, 303 (N.D.1986). When there are inconsistencies in the evidence, the agency must attempt to resolve the inconsistencies. *See Geiger, supra; Claim of Bromley,* 304 N.W.2d 412, 417 (N.D.1981).

The hearing officer's failure to express her resolution of this critical issue suggests that she did not consider or resolve it. At least we are unable to conclude that she did and we should not have to speculate about whether or not an unstated finding is nonetheless "implicit," particularly where the issue is central to the case. The underlying basis for the agency's determination

2. NDCC § 39–20–05(3) provides, in part:
   "The scope of a hearing for refusing to submit to a test under section 39–20–01 may cover only the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance; whether the person was placed under arrest; and whether that person refused to submit to the test or tests."

that there was a refusal of the blood test appears to be Evans' loud and uncooperative behavior alone without consideration of his opportunity to consult with counsel. In comparable situations, where we were uncertain about the underlying basis for an agency's decision, we remanded. *E.g., Hystad v. Industrial Comm'n,* 389 N.W.2d 590 (N.D.1986).

When an agency fails to prepare an essential finding of fact, the appeal process is seriously impeded and we may remand to the agency with instructions to prepare proper findings.[3] *See Kuhn v. North Dakota Public Service Comm'n,* 76 N.W.2d 171, 177 (N.D.1956); 2 Am.Jur.2d, *Administrative Law,* § 458.

■ We conclude that the hearing officer's failure to draft a finding of fact on the critical issue of whether Evans was denied a reasonable opportunity to consult an attorney before deciding whether to submit to the blood test, warrants our remanding for preparation of a finding on this issue.

Accordingly, we reverse the judgment of the district court and remand this matter to the agency for preparation of the necessary finding along with a consistent conclusion and decision.

MESCHKE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring in result.

I adhere to my dissent in *Kuntz v. State Highway Com'r,* 405 N.W.2d 285, 291–295 (N.D.1987). However, insofar as the majority holding in *Kuntz* is applicable to the case before us, I agree with the majority herein that a finding of whether Evans was denied a reasonable opportunity to consult an attorney before deciding whether or not to submit to the blood test is necessary. If

that is to be an issue a la the majority in *Kuntz,* then where that issue is contested before the hearing officer we need a specific finding in order to properly exercise our appellate function. I agree that such a finding is not present here. I concur in the result reached by the majority opinion.

ERICKSTAD, Chief Justice, dissenting.

I respectfully dissent for the reasons stated in my dissent in *Kuntz v. State Highway Comm'r,* 405 N.W.2d 285, 290–91 (N.D.1987), and for the reasoning applied in cases cited in footnote 3 of the majority opinion.

---

3. We recognize that there are cases in which a remand was not warranted even though the agency failed to make a finding. *See City of Fargo v. Windmill, Inc.,* 350 N.W.2d 32 (N.D. 1984) (underlying basis for agency's decision clearly revealed despite lack of findings); *Northwestern Bell Telephone Co. v. Hagen,* 234 N.W.2d 841 (N.D.1975) (absence of specific finding was negligible and remand not required); *Geo. E.*

*Haggart, Inc. v. North Dakota Workmen's Compensation Bureau,* 171 N.W.2d 104 (N.D.1969) (agency's position was "quite obvious" despite lack of findings). This case, however, involves the agency's failure to make an essential finding, and it is not obvious to us that a resolution of the attorney consultation issue underlies the agency's decision.