**DUNSEITH PUBLIC SCHOOL DISTRICT NO. 1, OF ROLETTE COUNTY, Petitioner and Appellant,**

**v.**

**STATE BOARD OF PUBLIC SCHOOL EDUCATION OF THE STATE OF NORTH DAKOTA, Respondent and Appellee.**

Civ. No. 880152.

Supreme Court of North Dakota.

March 21, 1989.

Pearce & Durick, Bismarck, for petitioner and appellant; argued by Gary R. Thune, Bismarck.

Patricia M. Moen, Asst. Atty. Gen., Atty. Gen's. Office, State Capitol, Bismarck, for respondent and appellee.

GIERKE, Justice.

This is an appeal by the Dunseith Public School District No. 1 of Rolette County from the district court judgment entered March 7, 1988, affirming the decision of the State Board of Public School Education of the State of North Dakota (hereinafter State Board) approving the annexation of a certain territory of the Dunseith school district to Bottineau Public School District No. 1 of Bottineau and Rolette Counties. We reverse and remand.

On March 1, 1984, a petition was filed with the Bottineau and Rolette county committees for the reorganization of school districts asking for the annexation of a certain territory of the Dunseith school district to the Bottineau school district.

The territory involved in this annexation is all located in Rolette County, North Dakota, and is described as follows:

"All of Sections 1, 2, 3, 4, 5, 8, 9, NE¼, NW¼, SE¼ less 6 acres deeded; SW¼ less 6 acres deeded in Section 10; All of Sections 11, 12, 13, 14, S½NE¼, SE¼, SW¼ of Section 15, Township 163 North, Range 73 West;

"All of Sections 32, 33, 34, 35, 36, Lots 1–4, and the S½S½ of Sections 25, 26, 27, 28 and 29, Township 164 North, Range 73 West;

"All of Sections 3, 4, 5, 6, 7, 8, 9, 16, 17, 18, 19, 20, 21, 28, 29, 32, N½, N½S½ of Section 30, Township 163 North, Range 72 West; and

"Lots 1–4 and S½S½ of Sections 27, 28, 29, 30, 31, 32, 33, 34; SW¼ of Section 35, Township 164 North, Range 72 West."

On December 19, 1984, the annexation petition was considered at a joint meeting of the Bottineau and Rolette county committees for reorganization of school districts. The Bottineau county committee approved the petition and the Rolette county committee disapproved the petition. Then, as required by Section 15–27.2–04(7) of the North Dakota Century Code,[1] the annexa-

tion petition was submitted to the State Board for approval or disapproval.

On February 25, 1985, a hearing was held before the State Board at which time substantial testimony and documentary evidence was given regarding the proposed annexation. On March 19, 1985, the State Board issued its findings of fact, conclusions of law and order approving the proposed annexation.

On April 8, 1985, the Dunseith school district, pursuant to Section 28–32–15 of the North Dakota Century Code[2], appealed to the district court from the findings of fact, conclusions of law and order of the State Board. Thereafter, the Dunseith school district made a motion for a stay of the State Board's order which was granted July 3, 1985. On August 5, 1986, the district court issued its judgment affirming the State Board's order approving the annexation.

Pursuant to Section 28–32–21 of the North Dakota Century Code,[3] the Dunseith school district appealed to this Court arguing that the State Board failed to prepare findings of fact required by Section 15–27.-2–04 of the North Dakota Century Code. This Court's decision in the case is found at *Dunseith Public School District No. 1 v.*

---

**1.** Section 15–27.2–04(7) of the North Dakota Century Code provides as follows:

"If the school districts involved in the proposed annexation are situated in more than one county, the county committee of the county encompassing the major portion of each school district shall consider and jointly effect the annexation if a majority of the members of each of such county committees approves the annexation. If the annexation is approved by a majority of the members of one of the two county committees, the county superintendent of the county in which the annexing district is located shall submit the annexation to the state board for approval or disapproval, and in such instance approval of the annexation shall have the same effect as approval by all county committees."

**2.** Section 28–32–15 of the North Dakota Century Code provides in part as follows:

"28–32–15. Appeal from determination of agency—Time to appeal—How appeal taken. Any party to any proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may ap-

peal from such decision within thirty days after notice thereof has been given, or if a rehearing has been requested as provided herein and denied, within thirty days after notice of such denial has been mailed to him. Such appeal may be taken to the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held...."

**3.** Section 28–32–21 of the North Dakota Century Code provides as follows:

"28–32–21. Review in supreme court. The judgment of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as provided in section 28–32–19, except that the appeal to the supreme court must be taken within sixty days after the service of the notice of entry of judgment in the district court. Any party of record, including the agency, may take an appeal from the final judgment of the district court to the supreme court. If an appeal from the judgment of the district court is taken by an agency, the agency may not be required to pay a docket fee or file a bond for costs or equivalent security."

*State Board of Public School Education,* 401 N.W.2d 704 (N.D.1987) (hereinafter *Dunseith I*).

This Court determined in *Dunseith I* that the State Board failed to prepare adequate findings of fact and conclusions of law to meet the requirements of Section 15–27.2–04. Accordingly, in *Dunseith I,* we reversed the judgment of the district court and remanded with instructions to enter an order directing the State Board to prepare findings and conclusions adequate to meet the requirements of Section 15–27.2–04.

We noted in *Dunseith I,* at 706, that the State Board in receiving testimony and in preparing findings following an annexation hearing must comply with the specific requirements of Section 15–27.2–04 of the North Dakota Century Code which provides in part as follows:

"15–27.2–04. Annexation hearings—Equalization—Notice of hearings.

\*     \*     \*     \*     \*     \*

"3. At such hearing the committee shall consider testimony and documentary evidence with respect to any of the following factors:

a. The value and amount of all school property and all bonded and other indebtedness of each school district affected by a change in boundaries.

b. The amount of all outstanding indebtedness of each district and that which would constitute an equitable adjustment of all property, assets, debts, and liabilities among the districts involved.

c. The taxable valuation of existing districts and the differences in such valuation which would accrue under the proposed annexation.

d. The size, geographical features, and boundaries of the districts.

e. The number of pupils attending school and the population of the districts.

f. The location and condition of the districts' school buildings and their accessibility to affected pupils.

g. The location and condition of roads, highways, and natural barriers within the respective districts.

h. The school centers where children residing in the districts attend high school.

i. Conditions affecting the welfare of the pupils in the land area the subject of the annexation petition.

j. The boundaries of other governmental units and the location of private organizations in the territories of the respective districts.

k. The educational needs of local communities in the involved districts.

l. An objective in economizing in the use of transportation and administrative services.

m. Projected future use of existing satisfactory school buildings, sites, and playfields in the involved districts.

n. A reduction in disparities in per-pupil valuation between school districts and the objective of equalization of educational opportunities for pupils.

o. Any other relevant factors which, in the judgment of the committee, are of importance.

"4. Following the committee's consideration of testimony and documentary evidence with respect to any of the factors listed in subsection 3, the committee shall make specific findings with reference to every one of those factors to which testimony or documentary evidence was directed.

"5. All proposed annexations must be given final approval by the state board following a hearing conducted by the board at which testimony and documentary evidence shall be considered with respect to any of the factors listed in subsection 3. The state board shall make specific findings with reference to every one of those factors to which testimony or documentary evidence was directed."

Furthermore, in *Dunseith I,* at 707, this Court noted as follows with respect to the findings of the State Board:

"In view of all the testimony, we might expect extensive findings by the State

Board. However, the only nonprocedural findings made by the Board are:

1. That the parents have paid tuition for five years.

2. That the parents will continue to send children to Bottineau regardless of the outcome of the request.

3. That Dunseith loses taxable valuation.

4. That Bottineau plan allows the annexation.

5. That Rolette County committee did not update the county reorganization plan as mandated by the State Board of Public School Education to be completed and filed with the Board by July 1, 1984.

6. That an adjustment of assets and liabilities was made by the county committee.

7. That greater educational opportunities are available to the students in Bottineau.

8. That two families that cannot afford to pay the tuition presented letters that they too would attend Bottineau if they could afford the tuition.

"These findings made by the State Board are not in compliance with the legislative intent so clearly expressed in Section 15–27.2–04." [Footnote omitted.]

Subsequent to *Dunseith I*, the State Board met and drafted additional findings of fact without receiving any additional evidence. However, prior to that meeting, the State Board members reviewed the February 25, 1985 annexation hearing transcript and the documentary evidence submitted to the State Board at that hearing. The State Board decided to delay voting on the revised findings of fact until the May meeting of the State Board to enable the members to review the findings of fact and to determine whether any changes needed to be made in the conclusions of law.

At the May meeting, the State Board reconvened and unanimously approved the revised findings of fact, conclusions of law and order which approved the annexation petition. On June 22, 1987, the Dunseith school district filed an appeal to the district court from the State Board's findings of fact, conclusions of law and order dated May 18, 1987.

The district court entered its judgment on March 7, 1988, affirming the decision of the State Board. On May 10, 1988, the Dunseith school district filed this appeal.

The dispositive issue on appeal is whether or not the State Board has prepared, as directed by this Court in *Dunseith I*, findings in accordance with the requirements of Section 15–27.2–04 of the North Dakota Century Code.

The findings of fact, conclusions of law and order as approved by the State Board on May 18, 1987, include the following nonprocedural findings:

"2. The total revenue for the year 1983–1984 available to the Dunseith School District No. 1, including local, county, state, and federal funds, totalled $1,527,641.45. The total revenue for the year 1983–1984 available to the Bottineau Public School District No. 1, combining local, county, state, and federal revenue, totalled $2,998,017.09. The bonded indebtedness of the Bottineau School District No. 1 is $45,700.00, while the Dunseith School District No. 1 has no bonded indebtedness.

"3. The taxable valuation of the Dunseith School District No. 1 is $1,346,913.00. The taxable valuation of the Bottineau School District No. 1 is $5,242,942.00. The school taxes on the area petitioned out of the Dunseith School District No. 1 are $43,707.68, representing 3½% of the annual budget of the Dunseith School District No. 1. The foundation payments for that portion have already been lost to the Dunseith School District No. 1. The per pupil valuation of the Bottineau School District No. 1 is $5,825.00, and for Dunseith Public School District No. 1 is $3,244.00. The Dunseith Public School District No. 1 administrator testified that 16.5% of the valuation would be lost, and that 3,500 acres of nontaxable land would be re-

moved if the district is to be annexed. Impact aid funds are available to the Dunseith Public School District No. 1.

"4. The number of pupils attending Dunseith School District No. 1 is 425, while 783 pupils were registered in the current census. The total number of pupils attending Bottineau Public School District No. 1 is 925, while the total for ages 6 through 12 from the current school census is 857. The total number of students according to the school census is 1216 in the Bottineau Public School District No. 1 and 1217 in Dunseith Public School District No. 1.

"5. Costs for transportation annually for the Dunseith Public School District No. 1 were $128,301.00, and for Bottineau Public School District No. 1 were $227,612.30. Although Dunseith Public School is a shorter distance to travel, the Bottineau Public School District bus travels by the children who wish to be annexed, and the bus takes less time to Bottineau Public School than to Dunseith Public School. The roads to the Bottineau Public School along which the bus will travel are paved. No barriers were mentioned, and testimony indicated that the children's time on the buses would not be significantly different regardless of the outcome.

"6. There are 429.8 sections in the Bottineau School District No. 1, with a per pupil valuation of $5,668.00. There are 199 sections in the Dunseith School District No. 1 with a per pupil valuation of $3,169.00. The per pupil valuation disparity between the Bottineau Public School District and the Dunseith Public School District would increase to $3,361.00 if the annexation is approved.

"7. Of 102 individuals living in the area which seeks annexation, 92 signed the petition. Consequently, 92 of 102 residents were in favor of the annexation. Testimony indicated that the major portion of the students who live in the area under consideration have attended the Bottineau Public School District for the past four or five years. Proponents stated students have adapted to Bottineau Public School District No. 1 and would not return to the Dunseith Public School District No. 1. Testimony also indicated that a large number of the students residing in the Dunseith Public School District attend schools outside the district. A large portion of the testimony provided by the proponents centered on what they consider to be the poor quality of education being provided in the Dunseith Public School District No. 1 and the concern for the welfare of the students because of poor educational climate of the school district. The opponents countered the testimony with the fact that the information used was five years old and the quality of education had improved considerably during that time.

"8. That the duly elected and certified governing body of the Turtle Mountain Band of Chippewa Indians passed an official resolution No. 3121–12–84 opposing the annexation.

"9. That tuition payments by the Dunseith Public School District No. 1 to the Bottineau Public School District No. 1 were denied on each request and all families currently have signed tuition and transportation agreements with the Bottineau Public School District No. 1."

In its reversal and remand of the State Board's decision in *Dunseith I*, this Court stated at page 708 as follows:

"Although, as we have noted, there was considerable testimony and documentary evidence adduced at the hearing before the State Board, the findings do not refer to much of it and those findings which were made are conclusory. Where, as in

this case, the testimony is disputed, there is a need for more specific findings than might otherwise be warranted. Some of the factors to which testimony was directed are not discussed at all."

This Court, in an effort to clarify its expectations of the State Board, further stated in *Dunseith I,* at 708 n. 3, that:

"Because the State Board may believe that what we require is a recitation of the testimony in the findings, we hasten to note that we have told the district courts that a mere recitation of the evidence is not sufficient for the preparation of findings of fact. Rather, the reason for the rules and statutes requiring findings of fact is to enable the appellate court to understand the factual determination made by the trial court as the basis for its conclusions of law and judgment thereon."

This Court explained in *Dunseith I* that the State Board needed more specific and complete findings to meet the requirements of Section 15–27.2–04. In light of this Court's decision in *Dunseith I* and in view of all the testimony and documentary evidence, this Court anticipated extensive and detailed specific findings by the State Board. However, we believe the findings made by the State Board are not in compliance with Section 15–27.2–04.

We note that the State Board's decision should be based upon specific conclusions of law which are supported by the findings of fact which are based upon the testimony and evidence adduced at the annexation hearing. We recognize that findings of fact are adequate when they enable the reviewing court to understand the basis of the agency's determination.

In the instant case, this Court is unable to determine and understand from the findings of fact the basis of the State Board's decision. We note that several of the findings of fact made by the State Board are simply a recitation of the testimony and evidence presented at the annexation hearing. We further note that there was pertinent evidence and testimony presented at the annexation hearing relating to such items as the economics of transportation, the entire financial impact, the educational needs, opportunities and quality, and other relevant factors on which no explicit findings of fact were made by the State Board.

Because we believe the State Board has not made adequate findings as required by Section 15–27.2–04, we reverse the judgment of the district court and remand. *See Evans v. Backes,* 437 N.W.2d 848 (N.D. 1989). On remand, we instruct the trial court to enter an order remanding this matter to the State Board for the preparation of complete and adequate findings and conclusions which satisfy the requirements of Section 15–27.2–04. Furthermore, at this point in time we deem it necessary that the State Board hold an additional annexation hearing for the preparation of the findings and conclusions rather than relying on the record of the February 25, 1985 annexation hearing.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.