Gabe FALCON, Appellant,

v.

**WILLIAMS COUNTY SOCIAL SERVICE BOARD and North Dakota Department of Human Services, Appellees.**

Civ. No. 880116.

Supreme Court of North Dakota.

Oct. 18, 1988.

Duane E. Houdek (argued), Legal Assistance of North Dakota, Bismarck, for appellant.

Blaine L. Nordwall (argued), Asst. Atty. Gen., Dept. of Human Services, Bismarck, for appellees.

ERICKSTAD, Chief Justice.

Williams County Social Service Board terminated Falcon's medical assistance eligibility effective March 31, 1987, due to Falcon's ownership of resources in excess of program limits. The North Dakota De-

partment of Human Services (Department) affirmed the County's determination. That decision was upheld on appeal to the District Court of Williams County. Falcon now appeals to this Court.

Falcon states the issue on appeal as "[d]oes it violate due process for an agency to terminate the medical assistance benefits of a recipient without giving that recipient a meaningful opportunity to be heard, at an evidentiary hearing, on the very issue that is alleged to be the grounds for termination?"

The Department, on the other hand, characterizes the issues as (1) "Did the appellant receive a fair hearing concerning the termination of his Medical Assistance benefits?" and (2) "Are the administrative agency's findings supported by the weight of the evidence?"

Notwithstanding these statements of the issues, we believe the crucial, and from a practical standpoint the dispositive, issue is whether or not the decision of the Department was erroneous as a matter of law which held that it could not consider certain evidence received by its hearing officer. We find the Department was not prohibited from considering that evidence and thus that the decision was erroneous and therefore reverse and remand.

A review of the decision affecting Falcon's medical assistance eligibility first requires that we identify the function of the Williams County Social Service Board in the hierarchy of the medical assistance program. We must determine whether or not the Board and the Department are subject to the provisions of the Administrative Agencies Practice Act found in Chapter 28–32, N.D.C.C.

Chapter 75–01–01, N.D.A.C., describes the organization and functions of the Social Service Board of North Dakota subject to Chapter 28–32, N.D.C.C. While "[s]upervision, direction, and rulemaking are the responsibility of the economic assistance division personnel employed by the social service board of North Dakota ..., the direct administration of the programs is the responsibility of the county social service

boards." Section 75–01–01–01(1), N.D.A.C. Section 75–01–01–01(b)(1) further provides:

"The legislative authority for the medical assistance program is found in North Dakota Century Code Chapter 50–24.1. The program is operated under a state plan submitted by the state and approved by the federal government. The state plan provides that the state must operate the program pursuant to federal law and regulations. *In areas where the state has discretion in regard to the operation of the program, rules and regulations must be promulgated and adopted by the state agency pursuant to North Dakota Century Code chapter 28–32.* Further, the provisions of North Dakota Century Code chapter 28–32 apply to hearings on state actions and judicial review thereof insofar as these provisions do not conflict with the provisions of the state plan." [Emphasis added.]

As stated above, chapter 50–24.1, N.D.C.C., provides the legislative authority for the medical assistance program. Particularly, section 50–24.1–03.1, N.D.C.C., specifies the duties of the county agency by providing that:

"In the administration of the medical assistance program, a county agency shall:

1. Administer the medical support enforcement program under the direction and supervision of the department of human services. In administering the program the county agency shall have the authority to contract with any public or private agency or person to discharge their medical support enforcement duties.

2. Make an investigation and record the circumstances of each applicant or recipient of assistance, in order to ascertain the facts supporting the application, or the granting of assistance, and shall obtain such other information as may be required by the rules and regulations of the department of human services."

As prescribed by the North Dakota Century Code and the North Dakota Administrative Code, the county social service board is operating under the direction and

supervision of the Department of Human Services and is acting as a unit of that department.

■ Section 28–32–01(1), N.D.C.C., defines "administrative agency," in relevant part, to mean:

"[E]ach board, bureau, commission, department, or other administrative unit of the executive branch of state government, including one or more officers, or employees, or other persons directly or indirectly purporting to act on behalf or under authority of the agency. An administrative unit located within or subordinate to an administrative agency shall be treated as part of that agency to the extent it purports to exercise authority subject to this chapter."

We stated in *Hammond v. North Dakota State Personnel Board*, 332 N.W.2d 244, 248 (N.D.1983), that "[u]nder Section 28–32–01, N.D.C.C., as currently amended, an administrative agency is any administrative unit of the executive branch of state government which is not expressly excluded by Subsection 28–32–01(1), N.D.C.C." As neither the county social service board nor the Department of Human Services is expressly excluded from the definition of "administrative agency," and as the county social service board is operating under the direction and supervision of the Department of Human Services, we conclude that the Department of Human Services with the county social service board as a part thereof, is an administrative agency and subject to the provisions of the Administrative Agencies Practice Act, chapter 28–32, N.D.C.C.

■ Our review of administrative agency decisions is governed by section 28–32–19, N.D.C.C., and involves a three-step process: (1) Are the findings of fact supported by a preponderance of the evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law? *Otto v. Job Service North Dakota*, 390 N.W.2d 550 (N.D.1986); *Application of Zimbelman*, 356 N.W.2d 99 (N.D.1984). When an administrative agency decision is appealed to the district court

and then to this Court, we review the decision of the agency and not the decision of the district court. *Bohac v. Graham*, 424 N.W.2d 144 (N.D.1988) (citing *Montana–Dakota Utilities Co. v. Public Service Commission*, 413 N.W.2d 308 (N.D.1987)). We review the record compiled before the agency rather than the findings of the district court. *Application of Zimbelman*, *supra*. In determining whether or not the agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency, but determine only whether a reasoning mind could reasonably have determined that the factual conclusions were supported by the weight of the evidence. *Skjefte v. Job Service North Dakota*, 392 N.W.2d 815 (N.D.1986); *Power Fuels Inc. v. Elkin*, 283 N.W.2d 214 (N.D.1979).

■ Gabe Falcon is a seventy-six-year-old man with a heart condition and Alzheimer's disease. Falcon transferred lots 4, 5 and 6 of Block 7 in Trenton, North Dakota, on which was situated his home and outbuildings, to his grandsons, retaining a life estate. When he became ill and could not apparently care for himself, his daughter invited him to live with her in her home. In light of the nature of his illness it can hardly be assumed that he voluntarily elected to leave his home. It is apparently conceded that had he continued to live in his home, the fact that he retained a life estate would not have disqualified him from receiving further medical benefits.

On December 31, 1986, Falcon applied for medical assistance with Williams County Social Service Board and benefits were approved retroactive to November 1, 1986. At the time of the initial application, Falcon did not inform the Williams County Social Service Board of the retained life estate. When the Williams County Social Service Board discovered the life estate, it sent Falcon an Advance Notice of Termination, dated March 11, 1987, with termination to be effective March 31, 1987. The reason given for the proposed termination was that the retained life estate, according to the Williams County Social Service Board's

**572**

calculations, was worth $6,488.51, an amount in excess of the $3,000 maximum resource limit. The notice informed Falcon of his right to request a hearing before the North Dakota Department of Human Services.

On March 21, 1987, Falcon submitted a timely, written request for a hearing. The Department acknowledged the request and sent Falcon a notice of hearing on July 7, 1987, setting a hearing for August 6, 1987. Falcon then attempted to sell the life estate, valued by the Williams County Social Service Board at $6,488.51, by advertising in the Williston newspaper during the last week in July 1987, offering to accept $3,000. He received no inquiries or offers.

Up to this point in the appeal process, there is no contention that either party failed to follow the step-by-step procedure set out in Chapter 75–01–03 of the North Dakota Administrative Code. The controversy focuses on the hearing stage.

At the hearing, Falcon produced evidence concerning the attempt to sell the life estate. The evidence was accepted by the hearing officer and was not objected to or questioned by the representative of the Williams County Social Service Board.

Afterwards, the hearing officer filed an official report of the hearing. His decision stated:

"The determination on March 11, 1987, by the Williams County Social Service Board that the value of the appellant's life estate exceeded the resource limit is affirmed.

*"The county social service board is advised to redetermine eligibility based on the evidence and testimony provided at the hearing which indicates the life estate can be excluded as a resource on the basis that it was shown to be not saleable without working an undue hardship."* [Emphasis added.]

The Department issued its findings and decision on August 27, 1987. Contained therein as signed by John Graham, Executive Director, is the following:

"The determination of March 11, 1987, by the Williams County Social Service Board, that the value of the appellant's life estate exceeded the resource limit for medical assistance eligibility is affirmed.

"The appellant may wish to re-apply for medical assistance in view of the information provided during the hearing regarding the nonsalability of the life estate, and the county social service board can then consider that evidence. *Because the question of whether the life estate was saleable or not was not involved in the decision that was appealed, it is not a matter that can be considered in this appeal decision."* [Emphasis added.]

We have been referred to no section under the North Dakota Century Code or the North Dakota Administrative Code which requires the practice set forth by Graham in the Department's Findings and Decision, and argued by the Department in its brief, namely that evidence not presented to the Williams County Social Service Board prior to its determination may not be considered in the subsequent appeal of that determination even though evidence is received without objection by the hearing officer. Due to the lack of written guidance from counsel for either party on this issue, we can only speculate as to possible administrative procedure, statutory authority, or case law for such a policy.

The North Dakota Administrative Code section 75–01–03–03(1) provides an opportunity for a fair hearing to "[a]ny applicant, recipient, registrant, or licensee who requests a hearing in the manner set forth in this chapter [1] and who is dissatisfied:

\* \* \* \* \* \*

b. Because county agency action has resulted in the suspension, reduction, discontinuance, or termination of assistance." [Footnote added.]

A "fair hearing" is defined as "an administrative procedure established pursuant to federal regulations [7 CFR 273.15, 42 CFR Part 431, subpart D, and 45 CFR 205.10]

---

1. Section 75–01–03–05, N.D.A.C., requires a claimant to submit a written request for a fair hearing. Section 75–01–03–06, N.D.A.C., requires the request to be filed within thirty days.

and to North Dakota Century Code chapter 28–32, providing a dissatisfied claimant an opportunity to present the claimant's case to the department for formal decision." Section 75–01–03–01(11), N.D.A.C.

Section 28–32–06, N.D.C.C., provides:

*"Evidence to be considered by agency.*— The admissibility of evidence in any proceeding before an administrative agency shall be determined, insofar as circumstances will permit, in accordance with the practice in the district court. An administrative agency, or any person conducting an investigation or hearing for it, may waive the usual common-law or statutory rules of evidence if such waiver is necessary to ascertain the substantial rights of all the parties to the proceeding, but only evidence of probative value shall be accepted. All objections offered to evidence shall be noted in the record of the proceeding. *No information or evidence except such as shall have been offered and made a part of the official record of the hearing shall be considered by the administrative agency, except as otherwise provided in this chapter."* [Emphasis added.]

The North Dakota Administrative Code section 75–01–03–15(5) further provides that "[t]he appeals referee shall not be bound by the rules of procedure or evidence applicable in courts but may exclude evidence determined to be irrelevant or unduly repetitive."

Falcon introduced evidence at the hearing before the appeals referee concerning the nonsalability of the life estate, whose value, according to the Williams County Social Service Board, rendered him ineligible for medical assistance. Property that is not salable without working an undue hardship is to be excluded as a property resource when determining eligibility for medical assistance benefits. Section 75–02–02–23, N.D.A.C. Falcon's evidence, therefore, was relevant to the determination made by the Williams County Social Service Board as to termination of his

medical assistance benefits due to excess resources. As evidence to the effect that the life estate was not salable for $3,000 was offered and was received by the hearing officer at the evidentiary hearing provided for by law and was made a part of the official record, we find no justification for its exclusion by the Department in determining the facts and in rendering its decision.

We have been referred to nothing in the Administrative Agencies Practice Act (chapter 28–32) that would have required the exclusion of that evidence. We note that section 28–32–19, N.D.C.C., reads in pertinent part:

"The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court."

The record filed with the district court and now with us on appeal includes the transcript of the record of the hearing before the hearing officer. That hearing was actually the first opportunity Falcon had to offer evidence as to the salability without hardship which he had now learned to be crucial to his continued receipt of medical benefits.

The Department has not referred us to any rule adopted pursuant to section 28–32–02, N.D.C.C., which requires the exclusion of the evidence as to salability without hardship, nor has it referred us to case law, either state or federal, that compels such an exclusion.

Accordingly we reverse the district court's order of judgment affirming the Department and remand this case to the Department to consider the evidence produced by Falcon at the hearing concerning

the nonsalability without hardship. We believe this decision is consistent with our reasoning in *Garner Pub. Sch. v. Golden Valley Cty Com.*, 334 N.W.2d 665 (N.D. 1983), although that case involved a different administrative agency.[2] The Department may receive such further evidence as may be necessary to its determination of this claim. Statutory costs on appeal shall be assessed in favor of the claimant Falcon.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**2.** In *Garner*, 334 N.W.2d at 673, we stated: "Pursuant to § 28–32–01(1)(s), N.D.C.C., the State Board of Public School Education is an 'administrative agency', except when it is administering the state school construction fund. At a hearing before an administrative agency, parties whose substantial rights may be affected must be allowed to introduce testimony and other evidence. This evidence becomes a part of the official record of the hearing and is considered by the administrative agency when it makes its determinations. *See* § 28–32–06, N.D.C.C. Based upon the provisions of the North Dakota Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C., we are required to remand to the State Committee for a hearing regarding the adjustment of Garner's assets and liabilities that is in accordance with the Act."