2012 ND 185

**Edward ENNIS, Appellee and Cross–Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellant and Cross–Appellee.**

No. 20110352.

Supreme Court of North Dakota.

Aug. 30, 2012.

Edward Ennis, self-represented, Ray, N.D., appellee and cross-appellant.

Jeanne M. Steiner, Assistant Attorney General, Bismarck, N.D., for appellant and cross-appellee.

CROTHERS, Justice.

[¶ 1] The North Dakota Department of Human Services ("the Department") appealed from a district court judgment reversing the Department's order determining Edward Ennis was ineligible for continued Supplemental Nutrition Assistance Program ("SNAP") benefits. Ennis cross-appealed, challenging the district court's denial of his motion for costs. We reverse the judgment and reinstate the Department's final order denying further benefits.

I

[¶ 2] Ennis is self-employed. Since 2008, he has received food stamps, now designated as SNAP benefits, through Williams County Social Services ("the County"). Each year, the County recertified Ennis's eligibility for continued benefits by projecting his anticipated income for the upcoming year based upon his income as shown on his tax return for the prior year. In calculating Ennis's income for the prior year, the County deducted expenses Ennis incurred in producing that income.

[¶ 3] In April 2010, Ennis purchased a truck for $5,238 for use in his business. He paid for the truck in full and thus did not make ongoing payments. In March 2011, the County conducted a periodic recertification review to determine Ennis's continued eligibility for SNAP benefits. The County calculated his anticipated 2011 self-employment income based upon his actual 2010 self-employment income, without deducting the $5,238 expense for the truck. Based on this calculation, the County determined Ennis's anticipated 2011 income exceeded the income limit for SNAP benefits and issued a denial of benefits.

[¶ 4] Ennis appealed to the Department and requested a hearing. An admin-

istrative law judge ("ALJ") issued recommended findings of fact, conclusions of law and order determining that the purchase price of the truck should have been deducted from Ennis's anticipated 2011 self-employment income and recommending that the County's denial of further benefits be reversed. The executive director of the Department disagreed with the ALJ's recommendation and issued amended findings, conclusions and final order affirming the County's determination that Ennis was not entitled to further SNAP benefits. Ennis appealed to the district court, which reversed the Department's final order and reinstated the recommended findings of the ALJ.

[¶ 5] The Department appealed, arguing it appropriately determined Ennis's one-time, nonrecurring expenditure to purchase the truck in 2010 should not be deducted when calculating his anticipated self-employment income for 2011. Ennis cross-appealed, arguing the district court erred in not awarding him costs under N.D.C.C. § 28–32–50(1).

## II

■■■ [¶ 6] "When a decision of an administrative agency is appealed from the district court to this Court, we review the agency's decision and the record compiled before the agency." *Kaspari v. Olson,* 2011 ND 124, ¶ 5, 799 N.W.2d 348. Under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, courts exercise a limited review in appeals from an administrative agency's decision. *Simons v. State,* 2011 ND 190, ¶ 8, 803 N.W.2d 587; *Kaspari,* at ¶ 5. The district court under N.D.C.C. § 28–32–46, and this Court under N.D.C.C. § 28–32–49, must affirm a final order of an administrative agency unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46.

■■■ [¶ 7] "In determining whether an administrative agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind reasonably could have determined the agency's factual findings were proven by the weight of the evidence from the entire record." *Simons,* 2011 ND 190, ¶ 8, 803 N.W.2d 587. "Questions of law are fully reviewable on appeal from an agency's decision." *Kaspari,* 2011 ND 124, ¶ 6, 799 N.W.2d 348. However, "[a]n administrative agency's reasonable interpretation of a regulation is entitled to deference," *Industrial Contractors, Inc. v. Workforce Safety & Ins.,* 2009 ND 157, ¶ 6, 772 N.W.2d 582 (quoting *People to Save the Sheyenne Riv-*

er, Inc. v. North Dakota Dep't of Health, 2008 ND 34, ¶ 15, 744 N.W.2d 748), and an agency's decision in complex or technical matters involving agency expertise is entitled to appreciable deference. *North Dakota State Bd. of Med. Exam'rs v. Hsu,* 2007 ND 9, ¶ 42, 726 N.W.2d 216; *St. Benedict's Health Ctr. v. North Dakota Dep't of Human Servs.,* 2004 ND 63, ¶ 9, 677 N.W.2d 202.

### III

■ [¶ 8] The federal SNAP food stamp program is designed to promote the general welfare and safeguard the public's health and well-being by raising the level of nutrition among low-income households. 7 U.S.C. § 2011; 7 C.F.R. § 271.1(a); *see Schmidt v. Ward Cnty. Soc. Servs. Bd.,* 2001 ND 169, ¶ 18, 634 N.W.2d 506. In this state, the program is administered at the local level by county social services boards, under supervision by the Department. N.D.C.C. §§ 50–01.2–03(4) and 50–06–05.1(17); *Schmidt,* at ¶ 18. Federal law controls eligibility for food stamps, and the state must apply the uniform federal standards in determining eligibility of applicant households. 7 C.F.R. § 273.8(a); *Schmidt,* at ¶ 18. Eligibility for food stamps is "limited to those households whose incomes are determined to be a substantial limiting factor in permitting them to obtain a more nutritious diet," and applicants must meet income eligibility standards. 7 C.F.R. § 273.9(a). Households may be certified as eligible for food stamps for a "certification period" of up to twelve months. 7 U.S.C. § 2012(f). Eligible households must be recertified for a new certification period upon expiration of their current certification period. 7 C.F.R. § 273.10(a)(2).

[¶ 9] Ennis received food stamps since 2008 and, each year when considering recertification for benefits, the County used Ennis's prior year's self-employment income to calculate his anticipated income and eligibility for benefits for the upcoming certification period. When the County conducted the annual periodic recertification review for 2011, it again considered Ennis's prior year's self-employment income to determine his anticipated income for 2011. In doing so, the County used Ennis's 2010 self-employment income without deducting the cost of his 2010 work truck purchase. In confirming the County's income calculations, the Department determined the truck purchase was a one-time expense which was incurred and fully paid in 2010, and which would not recur in 2011. The Department therefore concluded Ennis's eligibility for benefits for 2011 had to be determined based upon his actual anticipated 2011 self-employment income, which would not include an expense for a work truck.

[¶ 10] The Department's conclusion is a reasonable interpretation of the applicable regulations. Under 7 C.F.R. § 273.10(a)(2), "[e]ligibility for recertification shall be determined based on circumstances anticipated for the certification period starting the month following the expiration of the current certification period." Thus, Ennis's eligibility for SNAP benefits in 2011 had to be "based on circumstances anticipated" for 2011. Similarly, 7 C.F.R. § 273.10(d)(4) requires that expenses used to calculate eligibility must be based upon "the expenses the household expects to be billed for during the certification period." The truck purchase was a one-time, non-recurring expense because Ennis did not expect to purchase or be billed for a truck in 2011.

[¶ 11] Furthermore, 7 C.F.R. § 273.11(a)(1) directs that self-employment income generally is determined by averaging prior income, but self-employment income must be calculated based on antici-

pated rather than prior earnings "[i]f the averaged amount does not accurately reflect the household's actual circumstances because the household has experienced a substantial increase or decrease in business." This procedure was noted in *Meyer v. Lyng*, 859 F.2d 62, 64 (8th Cir.1988):

"In determining plaintiff's eligibility for food stamps, the Iowa Department of Human Services projected his 1985 income based upon his 1984 tax return. The Secretary's regulations allow such a procedure so long as there has been no substantial change in the household's circumstances or business operations. [7 C.F.R.] § 273.11(a)(1)."

The regulation further provides that self-employment income is to be determined as follows:

"*For the period of time over which self-employment income is determined,* the State agency must add all gross self-employment income (either actual or *anticipated* ...), *exclude the costs of producing the self-employment income* ..., and divide the remaining amount of self-employment income by the number of months over which the income will be averaged."

7 C.F.R. § 273.11(a)(2)(i) (emphasis added). Thus, Ennis's anticipated income and expenses for the 2011 certification period are relevant and properly considered when determining his monthly income from self-employment and eligibility for benefits.

[¶ 12] The Department's interpretation of the regulations does not leave an applicant without a way to have the one-time expense taken into consideration in calculating benefits. The Department contends that Ennis should have immediately notified the County when he incurred the expense in 2010, and that his benefits would have been recalculated at that time. Under the Department's interpretation, all such expenses will be taken into consideration, but they must be considered only in calculating benefits for the certification period during which the expense was actually incurred. This is a reasonable interpretation of the regulations. *See* 7 C.F.R. §§ 273.10(a)(2) and 273.10(d)(4).

[¶ 13] In light of our limited standard of review of administrative agency decisions and the deference we accord to an agency's reasonable interpretation of regulations, particularly in complex or technical subject areas within the agency's expertise, we conclude the Department did not err in determining the nonrecurring cost of the work truck incurred and paid in 2010 should not be deducted when calculating Ennis's anticipated income from self-employment for 2011. Accordingly, the Department did not err in concluding Ennis was ineligible for continued SNAP benefits.

### IV

[¶ 14] We have considered the remaining issues and arguments and find them to be unnecessary to our decision or without merit. We reverse the judgment of the district court and reinstate the Department's final order denying further benefits.

[¶ 15] GERALD W. VANDEWALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.