2013 ND 53

**Penne NIENOW, Plaintiff and Appellee**

v.

**Maggie ANDERSON, Interim Executive Director, North Dakota Department of Human Services, Defendant and Appellant.**

No. 20120434.

Supreme Court of North Dakota.

April 4, 2013.

Richard R. LeMay (argued), Minot, ND, and Mikayla Jablonski Jahner (appeared), Bismarck, ND, for plaintiff and appellee.

Jeanne Marie Steiner, Assistant Attorney General, Office of Attorney General,

Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] The North Dakota Department of Human Services appeals a district court order reversing and remanding the Department's order decreasing Penne Nienow's monthly Supplemental Nutrition Assistance Program ("SNAP") benefits. We reverse the district court order and reinstate the Department's final order reducing Nienow's SNAP benefits.

I

[¶ 2] Nienow received SNAP benefits sporadically from Ward County Social Services ("County") since 2006, but consistently since 2009. SNAP benefits are based on financial eligibility subject to periodic reviews for continuing qualification. Nienow's eligibility was reviewed in 2011. Prior to this, Nienow received $120 per month in SNAP benefits. The County performed a review and interviewed Nienow, during which she disclosed she received $22,900 in June 2011 from a five-year mineral rights lease.

[¶ 3] The County determined Nienow received income from a prior lease and, therefore, the 2011 payment was a recurring lump-sum payment. The County reduced Nienow's SNAP benefits to $16 per month. Nienow filed a request for hearing to the Department, and an evidentiary hearing was held. The County's representative testified Nienow stated that she leased the mineral rights and received income from the lease every five years and that she had leased the rights at least once before. After the hearing, the administrative law judge ("ALJ") concluded the County correctly determined Nienow's income and properly reduced her SNAP benefits. The Department adopted the ALJ's findings and conclusions.

[¶ 4] Nienow appealed the Department's order to the district court. The district court reversed and remanded, concluding Nienow's payment was a mineral leasing bonus, a nonrecurring lump-sum payment, and should not have been considered as income in determining Nienow's eligibility. The Department appeals the district court order, arguing Nienow's SNAP benefits properly were reduced.

II

[¶ 5] "When a decision of an administrative agency is appealed from the district court to this Court, we review the agency's decision and the record compiled before the agency." *Ennis v. N.D. Dep't of Human Services*, 2012 ND 185, ¶ 6, 820 N.W.2d 714 (quotation omitted). "Under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, courts exercise a limited review in appeals from an administrative agency's decision." *Id.* The district court under N.D.C.C. § 28–32–46, and this Court under N.D.C.C. § 28–32–49, must affirm a final order of an administrative agency unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the

evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46. "In determining whether an administrative agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind reasonably could have determined the agency's factual findings were proven by the weight of the evidence from the entire record." *Ennis,* at ¶ 7 (quotation omitted). "Questions of law are fully reviewable on appeal from an agency's decision." *Id.* (quotation omitted). However, "an administrative agency's reasonable interpretation of a regulation is entitled to deference." *Id.* (quotation omitted).

### III

■ [¶ 6] "The federal SNAP food stamp program is designed to promote the general welfare and safeguard the public's health and well-being by raising the level of nutrition among low-income households." *Ennis,* 2012 ND 185, ¶ 8, 820 N.W.2d 714; *see* 7 U.S.C. § 2011 and 7 C.F.R. § 271.1(a). "[T]he program is administered at the local level by county social services boards, under supervision by the Department." *Ennis,* at ¶ 8. The Department must apply the federal uniform standards in determining eligibility of applicant households. 7 C.F.R. § 273.8(a). Eligibility is limited "to those households whose incomes are determined to be a substantial limiting factor in permitting them to obtain a more nutritious diet." 7 C.F.R. § 273.9(a). Households may be certified as eligible for SNAP benefits for

twelve-month periods. 7 U.S.C. § 2012(f). Eligible households must be recertified upon expiration of the certification period. 7 C.F.R. § 273.10(a)(2).

[¶ 7] Household income is "all income from whatever source excluding only items specified in paragraph (c) of this section." 7 C.F.R. § 273.9(b). The exclusion at issue in this appeal is for nonrecurring lump-sum payments:

> "Money received in the form of a nonrecurring lump-sum payment, including, but not limited to, income tax refunds, rebates, or credits; retroactive lump-sum social security, SSI, public assistance, railroad retirement benefits, or other payments; lump-sum insurance settlements; or refunds of security deposits on rental property or utilities. TANF payments made to divert a family from becoming dependent on welfare may be excluded as a non-recurring lump-sum payment if the payment is not defined as assistance because of the exception for non-recurrent, short-term benefits in 45 CFR 261.31(b)(1). These payments shall be counted as resources in the month received, in accordance with § 273.8(c) unless specifically excluded from consideration as a resource by other Federal laws."

7 C.F.R. § 273.9(c)(8). The Department's SNAP Policy Manual includes "[m]ineral leasing bonuses and up-front payments" as examples of nonrecurring lump-sum payments. NDDHS Policy Manual 430–05–50–25–45.

[¶ 8] Nienow argues the lease payment is a bonus or up-front payment and should be considered a nonrecurring lump-sum payment. She argues the Department's interpretation of the federal regulation is unreasonable because finding a nonrecurring lump-sum payment can occur only once conflicts with the examples of nonre-

542

curring lump-sum payments given in 7 C.F.R. § 273.9(c). Income tax refunds are listed as an exception, but an individual reasonably could expect to receive a refund more than once. Nienow argues that income is not recurring simply because it has the potential to occur again. She argues she is not entitled to a lease payment every five years and, therefore, the payment is nonrecurring income. She relies on *Hamilton v. Madigan,* where the Ninth Circuit Court of Appeals held California's emergency housing payments qualified as nonrecurring lump-sum payments under the plain meaning of 7 U.S.C. § 2014(d)(8). 961 F.2d 838, 840 (9th Cir.1992). The court defined "recurring" as "indefinite repetition on a regular basis." *Id.*

[¶ 9] However, the issue here is not whether Nienow reasonably should expect to receive payments from another lease after the current lease expires in 2016, but whether she received payments prior to the 2011 lease. The issue considered by the Department was whether the County properly calculated Nienow's income when it reduced her SNAP benefits. Because Nienow received a lease payment in 2006 and again in 2011, the Department found the payments were not nonrecurring. The Department concluded, "The fact that Nienow received mineral rights lease agreement payments more than once makes the lease payments recurring because they occurred more than once, at least twice, possibly three times, and they may occur again." The list of exclusions given in 7 C.F.R. 273.9(c)(8) only qualify as exclusions if they are nonrecurring according to the plain language of the regulation. The central issue here is simply whether the lease payment was recurring. We must affirm the Department's finding the lease payment was recurring if the finding is supported by a preponderance of the evidence. N.D.C.C. § 28-32-46(5). We

determine only "whether a reasoning mind reasonably could have determined the agency's factual findings were proven by the weight of the evidence from the entire record." *Ennis,* 2012 ND 185, ¶ 7, 820 N.W.2d 714 (quotation omitted).

[¶ 10] Nienow testified that she believed she received income from a lease in 2006 and that she received income from a mineral rights lease at least twice. Although she testified there is no guaranty there will be a new lease every five years, the lease prior to the 2011 lease was also a five-year lease. Based on Nienow's testimony, the Department's finding the lease payment was recurring was supported by a preponderance of the evidence. Therefore, reasoning minds reasonably could have found the 2011 payment qualified as income for determining Nienow's eligibility for SNAP benefits.

IV

[¶ 11] We reverse the order of the district court and reinstate the Department's final order reducing Nienow's SNAP benefits.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.