2013 ND 120

**Ounjaniese BROWN, Plaintiff and Appellant**

v.

**BURLEIGH COUNTY HOUSING AUTHORITY, Defendant and Appellee.**

**No. 20120455.**

Supreme Court of North Dakota.

July 18, 2013.

Breezy A. Schmidt (argued) and Richard R. LeMay (appeared), Minot, N.D., and Bradley D. Peterson (on brief), Bismarck, N.D., for plaintiff and appellant.

Deborah J. Carpenter, Bismarck, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1]   Ounjaniese Brown appeals from a district court judgment denying her request for review of Burleigh County Housing Authority's ("BCHA") decision to terminate her housing assistance benefits. We conclude the district court lacked jurisdiction over the matter, and we vacate the court's judgment and orders.

I

[¶ 2]   Brown was a recipient of benefits under a federal housing assistance program administered in Burleigh County by BCHA. In February 2012, BCHA terminated Brown's housing assistance benefits.

On March 9, 2012, Brown filed a notice of appeal and specification of error in the district court, stating she was appealing BCHA's February 2012 decision to terminate her housing assistance under N.D.C.C. § 28–32–42. Brown alleged BCHA's decision violated her constitutional rights, she did not receive a fair hearing, and BCHA failed to consider evidence she presented.

[¶ 3]   In March 2012, BCHA filed a motion to dismiss, arguing it is not an agency for purposes of the Administrative Agencies Practices Act ("AAPA"), N.D.C.C. ch. 28–32, and therefore the district court does not have jurisdiction to hear Brown's appeal.

[¶ 4]   On March 9, 2012, Brown moved for an order staying BCHA's decision to terminate her housing assistance benefits and for a temporary injunction prohibiting BCHA from discontinuing her housing assistance.   On April 12, 2012, the district court granted Brown's request and entered an order staying BCHA's decision to terminate Brown's housing assistance and ordered BCHA was temporarily enjoined from adversely affecting Brown's benefits. On April 30, 2012, Brown moved to enforce the temporary injunction and to require BCHA to remit rental payments to Brown's landlord.

[¶ 5]   On April 26, 2012, BCHA filed a supplemental motion requesting dismissal, arguing Brown's appeal from BCHA's decision was untimely.   On May 21, 2012, the court denied BCHA's motion to dismiss and granted Brown's motion to enforce the injunction.   The court ordered BCHA to immediately give Brown an informal hearing on her eligibility for housing assistance.

[¶ 6]   BCHA held an informal hearing and issued a decision.   The hearing officer ruled the state courts lack jurisdiction,

BCHA is not a state agency and the AAPA does not apply, the district court lacked jurisdiction to grant injunctive relief or review BCHA's decision, Brown did not timely file a request for an informal hearing before her housing assistance was terminated, and BCHA was unable to provide reinstatement of the housing assistance benefits once they were terminated.

[¶ 7] On August 29, 2012, Brown moved for review after remand, requesting the court review BCHA's decision. Brown also moved for contempt and to compel and enforce the court's prior orders. Brown alleged BCHA was in contempt for failing to pay her housing assistance benefits as the court ordered and for failing to give her a meaningful hearing about her eligibility for benefits.

[¶ 8] On November 1, 2012, after a hearing, the court entered an order denying Brown's motion to compel and for contempt and her request for review. The court found that BCHA was not in contempt for failing to pay Brown's housing assistance because her eligibility had ceased prior to the court's order staying BCHA's decision to terminate her benefits and that BCHA scheduled an "administrative" hearing pursuant to court order. A judgment was subsequently entered.

[¶ 9] Brown appealed the district court's decision, arguing the district court has jurisdiction to review BCHA's decision and BCHA's decision is not in accordance with the law and violates her constitutional rights. BCHA moved to dismiss Brown's appeal, arguing the district court did not have jurisdiction and Brown's appeal of BCHA's decision was untimely.

II

■ [¶ 10] The dispositive issue on appeal is whether the district court had jurisdiction to review BCHA's decision under N.D.C.C. ch. 28–32, the AAPA.

[¶ 11] Brown filed a notice of appeal and specification of error in the district court under N.D.C.C. § 28–32–42, appealing BCHA's decision to terminate her housing assistance. Chapter 28–32, N.D.C.C., authorizes limited judicial review of an administrative agency's decision. *Ennis v. North Dakota Dep't of Human Servs.*, 2012 ND 185, ¶ 6, 820 N.W.2d 714. For the state courts to have jurisdiction to review a decision under N.D.C.C. ch. 28–32, the party must be appealing a decision from an administrative agency. *See* N.D.C.C. § 28–32–42; *Falcon v. Williams Cnty. Soc. Serv. Bd.*, 430 N.W.2d 569, 570–71 (N.D.1988). An administrative agency for purposes of the AAPA is a:

board, bureau, commission, department, or other administrative unit of the executive branch of state government, including one or more officers, employees, or other persons directly or indirectly purporting to act on behalf or under authority of the agency. An administrative unit located within or subordinate to an administrative agency must be treated as part of that agency to the extent it purports to exercise authority subject to this chapter.

N.D.C.C. § 28–32–01(2). Certain governmental units are specifically excluded from the definition of an administrative agency for purposes of the AAPA. *Id.*

[¶ 12] Section 28–32–01(2), N.D.C.C., does not specifically exclude city and county housing authorities from the definition of an administrative agency. However, BCHA argues it is not an administrative agency as defined by the statute because it is not an administrative unit under the executive branch of state government.

[¶ 13] City and county housing authorities are created under N.D.C.C. § 23–11–02, which provides:

In each city and in each county of the state, there is created a public body corporate and politic to be known as the "housing authority" of the city or county, as the case may be. Such authority may not transact any business nor exercise any powers granted by this chapter until the governing body of the city or of the county, as the case may be, by proper resolution, declares that there is need for an authority to function in such city or county.

Section 23–11–11, N.D.C.C., lists the housing authorities' powers and duties.

■ [¶ 14] City and county housing authorities are public corporations. *See* N.D.C.C. § 23–11–02; *Ferch v. Housing Auth. of Cass Cnty.*, 79 N.D. 764, 788–89, 59 N.W.2d 849, 865–66 (1953). "[A] public corporation is one created by the State for political purposes, and to act as an agency in the administration of civil government within a particular territory or subdivision of the State, such as a county, city, town, or school district." *United Accounts, Inc. v. Dachtler*, 100 N.W.2d 93, 94 (N.D.1959). This Court has said statutorily created public corporations, like municipalities and local housing authorities, are agencies of the state having only the powers that the legislative branch has conferred or that may be necessarily implied. *See Fradet v. City of Southwest Fargo*, 79 N.D. 799, 809–11, 59 N.W.2d 871, 878–79 (1953); *see also United Accounts*, at 94. Statutorily created public corporations are agencies of the state because they were created by law whereby the legislature delegated the transaction of some lawful business or the authority to do certain acts to the public corporation. *United Accounts*, at 95. However, an organization must be an administrative unit of the executive branch of state government to be an administrative agency for purposes of the AAPA. N.D.C.C. § 28–32–01(2). Although city and county housing authorities are agencies of the state, they are public corporations and are not a department or other administrative unit of the executive branch of state government.

[¶ 15] Furthermore, BCHA is not an administrative unit located within or subordinate to an administrative agency. In other cases this Court has held that the AAPA applies when a county board administers a federal program subject to the direction and supervision of a state executive agency. *See Schmidt v. Ward Cnty. Soc. Servs. Bd.*, 2001 ND 169, 634 N.W.2d 506; *Falcon*, 430 N.W.2d at 571. In *Falcon*, 430 N.W.2d at 571, this Court held a county social service board is an administrative agency subject to provisions of the AAPA when administering the medical assistance program. The Court said the program is operated under a state plan submitted by the state and approved by the federal government and the state must operate the program pursuant to federal law. *Id.* at 570. The Court further said applicable portions of the administrative code provide the North Dakota Social Service Board is responsible for supervising and making rules for the medical assistance program, county social service boards are responsible for direct administration of the program, and N.D.C.C. ch. 28–32 applies to the state agency's adoption of any rules about the operation of the program and to hearings on state actions and judicial review. *Falcon*, at 570. This Court held the county social service board is an administrative agency because it operates under the direction and supervision of the Department of Human Services, it acts as a unit of that department, and neither the county board nor the Department of Human Services is expressly excluded under the statute. *Id.* at 571.

[¶ 16] Although BCHA administers a federal program like the county social ser-

vice board in *Falcon,* BCHA is not operating the housing assistance program at the direction and supervision of a state executive agency. City and county housing authorities are authorized to exercise the authority granted to the Industrial Commission to administer aid from the federal government and preempt the Industrial Commission from acting with regard to tenant-based housing certificates and vouchers or successor programs. N.D.C.C. §§ 23–11–11(33) and 54–17–07.6. The city and county housing authorities are not operating at the direction and supervision of an executive branch state agency. Moreover, when the Industrial Commission acts in its capacity as a state housing finance agency and administers the federal housing assistance program, it is expressly excluded from the definition of an administrative agency. N.D.C.C. § 28–32–01(2)(*l* ).

[¶ 17] BCHA is a public corporation and is not an administrative unit of the executive branch of state government, and therefore we conclude the AAPA does not apply to or provide for judicial review of BCHA's actions. Under N.D.C.C. § 23–11–11(2), a city or county housing authority can sue or be sued in state court and Brown could have brought an independent action against BCHA. However, Brown brought the action as an appeal of BCHA's decision under N.D.C.C. ch. 28–32, and therefore the district court did not have jurisdiction.

[¶ 18] A court must have jurisdiction to issue a valid order. *In re M.W.,* 2010 ND 135, ¶ 5, 785 N.W.2d 211. An order entered without jurisdiction is void and can be vacated. *Id.* Because Brown appealed BCHA's decision and requested review under N.D.C.C. ch. 28–32, the district court did not have jurisdiction under the AAPA to enter a valid order, and the court's judgment and orders are void.

III

[¶ 19] We conclude the district court did not have jurisdiction, and we vacate the court's judgment and orders.

[¶ 20] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 21] In this case we vacate the district court's judgment because "the district court did not have jurisdiction." I agree with that disposition. I write separately only to note that a court has the jurisdiction to determine whether or not it has jurisdiction of the subject matter and jurisdiction of the parties. *James River Nat'l Bank v. Haas,* 73 N.D. 374, 380, 15 N.W.2d 442, 445 (1944). A district court's determination that it had no jurisdiction would be appealable under N.D.C.C. § 28–27–02. Thus, if we agreed with the district court that it had no jurisdiction we would ordinarily affirm that decision, not vacate it.

[¶ 22] Here the district court denied Brown's request for review of the decision of the hearing officer. Part of that decision was the conclusion that the Burleigh County Housing Authority was not a state agency within the definition of N.D.C.C. ch. 28–32, the Administrative Agencies Practices Act. The district court would therefore be without jurisdiction to hear an appeal from the decision of the Burleigh County Housing Authority under that Act. To that extent it might appear we should affirm the judgment of the district court rather than vacate it. However, as our opinion notes, the district court, without jurisdiction to do so in the first instance, ordered the hearing which resulted in that conclusion. I therefore agree that

the proper disposition of this appeal is to vacate the district court's judgment rather than affirming that judgment.

[¶ 23]   DANIEL J. CROTHERS, J., concurs.